# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **PARTHENON UNIFIED MEMORY ARCHITECTURE LLC,** | § § § | **Case No. 2:15-cv-00621** |
| | § | **Jury Trial Requested** |
| **Plaintiff,** | § | |
| v. | § § | |
| **APPLE INC.,** | § § | |
| **Defendant.** | § § | |
| | § | |

## UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT
## PLAINTIFF'S INFRINGEMENT CONTENTIONS

**I.      INTRODUCTION**

Pursuant to Patent Rule ("P.R") 3-6(b) and applicable law, Plaintiff Parthenon Unified Memory Architecture LLC ("PUMA") respectfully moves for leave of the Court to supplement its initial P.R. 3-1 infringement contentions to Defendant Apple Inc. ("Apple"). Specifically, PUMA seeks leave to supplement its infringement contentions to add three products—the Apple iPhone 6S, the iPhone 6S Plus and the Apple iPad Mini 4—which were released by Apple in September of this year. Apple does not oppose this motion.[1]

On September 3, 2015, this Court issued an order setting a scheduling conference in this case. *See* Dkt. 29. Under this Order, PUMA's initial infringement contentions were due on September 16, 2015. Following this Order, PUMA filed an unopposed motion to extend the deadlines for the parties' infringement contentions and invalidity contentions to September 30, 2015 and November 25, 2015, respectively, which this Court granted. On September 30, 2015, PUMA served its initial infringement contentions on Apple.

PUMA now seeks leave to supplement its infringement contentions to add two new sets of products, the iPad Mini 4 and the iPhone 6S and 6S Plus, which were released by Apple on September 9, 2015 and September 25, 2015, respectively. On October 9, 2015, following PUMA's investigation and review of all publicly available information for these new products, PUMA sent Apple claim charts mapping each new product to the asserted claims. PUMA's charts for these new products did not add any asserted claims or patents.

---

[1] Apple does not oppose PUMA's motion to amend only to the extent that PUMA seeks to add recently released new products. Apple contends that it has identified numerous deficiencies regarding the substance of PUMA's contentions and its inadequate analysis of Apple's products. By agreeing that PUMA can amend its contentions, Apple does not mean to suggest that the substance of PUMA's contentions are adequate, and Apple reserves its rights to file a motion to strike PUMA's contentions should PUMA fail to promptly address those contended deficiencies.

Following a discussion between counsel, Apple agreed not to oppose this supplementation in exchange for reciprocal agreements from PUMA. Specifically, PUMA agreed to an extension of Apple's invalidity contentions from November 25, 2015 to December 9, 2015—which is reflected in the proposed Docket Control Order that the parties submitted on October 15, 2015—and PUMA agreed to provide Apple copies of the invalidity contentions served by the defendants in related consolidated Case Nos. 2:14-cv-690 and 2:14-cv-902 and copies of any venue deposition transcripts from those cases. On October 28, 2015, in response to an inquiry from Apple, PUMA confirmed that it had provided all requested information. Accordingly, PUMA now submits this unopposed motion for leave to supplement its infringement contentions.

## II.     LEGAL STANDARDS

Local P.R. 3-6(b) states:

> Amendment or supplementation [of] any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P.R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause.

P.R. 3-6(b). When determining whether good cause exists for granting leave to amend, the Court considers: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *S & W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003); *see also Nidec Corp v. LG Innotek Co.*, No. 6:07-CV-108, 2009 U.S. Dist. LEXIS 106667, at *4 (E.D. Tex., Sept. 2, 2009); *Mass Eng'd Design, Inc. v. Ergotron, Inc.*, No. 206-CV-272, 2008 U.S. Dist. LEXIS 35577, at *3-4 (E.D. Tex., Apr. 30, 2008); *Coopervision, Inc. v. Ciba Vision Corp.*, 480 F. Supp. 2d 884, 888 (E.D. Tex. 2007).

## IV. THE GOOD CAUSE ANALYSIS

The first factor in the "good cause" analysis is the "explanation for the [moving] party's failure to meet the deadline." As highlighted above, PUMA seeks to supplement its initial contentions to add two new sets of products, the iPad Mini 4 and the iPhone 6S and 6S Plus, which were released by Apple on September 9, 2015 and September 25, 2015, respectively. This Court's case law and local rules expect plaintiffs to diligently investigate and review all publicly available information in preparing their disclosures under P.R. 3-1. *See Realtime Data, LLC v. Packeteer, Inc.*, Case No. 6:08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009) (noting that contentions must be "reasonably precise and detailed based on all publicly available information"). Although PUMA served its initial infringement contentions to Apple on September 30, 2015, PUMA was still in the process of gathering and reviewing all publicly available information for the newly released Apple products as of that date. Upon the completion of this review and the preparation of corresponding claim charts, PUMA promptly sent supplemental charts to Apple for the new products on October 9, 2015. Accordingly, PUMA respectfully submits that this timeline and PUMA's diligence supports a finding of good cause with respect to PUMA's motion.

The second factor is the "importance of what the Court is excluding." Although the case is in its early stages and sales information has not yet been produced, PUMA believes that the Apple iPhone and Apple iPad represent two of Apple's most important consumer electronic product lines in terms of sales volume. As a result, because the supplemental contentions would add the iPhone 6S, the iPhone 6S Plus and the iPad Mini 4, excluding those products would likely have a significant impact on PUMA's total damages analysis. Accordingly, this factor also supports a finding of good cause.

The third factor in the "good cause" analysis is "the potential prejudice if the Court allows the thing that would be excluded." Here, there is no prejudice. First, Apple does not oppose the supplementation sought by this motion. Second, PUMA provided Apple claim charts corresponding to the newly released products on October 9, 2015, 9 days after serving its initial infringement contentions. Third, Apple and PUMA agreed to extend Apple's deadline for serving its invalidity contentions by two weeks to further cure any potential for prejudice. The parties incorporated this new deadline into their proposed Docket Control Order, which the Court entered on October 26, 2015. As a result, PUMA submits that this third factor supports a finding of good cause with respect to PUMA's motion.

The fourth and final factor is "the availability of a continuance to cure [any] prejudice." As explained above, the parties have already adjusted the schedule to cure any potential for prejudice, and Apple does not oppose this motion. Accordingly, PUMA submits that this fourth factor also supports a finding of good cause.

For the reasons above, PUMA respectfully requests that the Court grant leave to supplement PUMA's infringement contentions to add the iPhone 6S, the iPhone 6S Plus, and the iPad Mini 4.

Dated:  October 30, 2015                                            Respectfully submitted,

                                                                                                    /s/ Amir Alavi
                                                                                                   Demetrios Anaipakos
                                                                                                   Texas Bar No. 00793258
                                                                                                   danaipakos@azalaw.com
                                                                                                   Amir Alavi
                                                                                                   Texas Bar No. 00793239
                                                                                                   aalavi@azalaw.com
                                                                                                   Jamie Aycock
                                                                                                   Texas Bar No. 24050241
                                                                                                   jaycock@azalaw.com

Alisa A. Lipski
Texas Bar No. 24041345
alipski@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Justin Chen
Texas Bar No. 24074204
jchen@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS,
  ALAVI & MENSING P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

T. John Ward, Jr.
Texas Bar No. 00794818
jw@wsfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, TX 75606-1231
Telephone: 909-757-6400
Facsimile: 909-757-2323
**ATTORNEYS FOR PLAINTIFF**
**PARTHENON UNIFIED MEMORY**
**ARCHITECTURE LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by ECF on October 30, 2015.

                                                   */s/ Amir Alavi*
                                                   Amir Alavi

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 30, 2015, I conferred by email with counsel for Defendant. Defendant is unopposed to this motion.

                                                   */s/ Michael McBride*
                                                   Michael McBride