# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PARTHENON UNIFIED MEMORY ARCHITECTURE LLC, | § § § § § § § § § § § § | Case No. 2:15-cv-00621-JRG-RSP |
| Plaintiff. | | Jury Trial Demanded |
| APPLE INC., | | |
| Defendant. | | |

# **PROPOSED JOINT PRETRIAL ORDER**

The Pretrial Conference is scheduled for September 9, 2016 in Marshall, Texas, pursuant to the Court's Sixth Amended Docket Control Order (Dkt. 192) and Rule 16 of the Federal Rules of Civil Procedure.  The following parties submit this Joint Pretrial Order:

## I.    COUNSEL FOR THE PARTIES

### 1.    Parthenon Unified Memory Architecture

Demetrios Anaipakos, Lead Attorney
Texas Bar No. 00793258
Email: danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
Email: aalavi@azalaw.com
Scott W. Clark
Texas Bar No. 24007003
Email: sclark@azalaw.com
Jamie Aycock
Texas Bar No. 24050241
Email: jamieaycock@azalaw.com
Alisa Lipski
Texas Bar No. 24041345
Email: alipski@azalaw.com
Michael McBride
Texas Bar No. 24065700
Email:mmcbride@azalaw.com
Masood Anjom
Texas Bar. No. 2405507
Email: manjom@azalaw.com
Justin Chen
Texas Bar No. 24074024
Email: jchen@azalaw.com
Kyril Talanov
Texas Bar No. 24075139
Email: ktalanov@azalaw.com
**AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.**
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713- 655-1101
Facsimile: 713-655-0062

T. John Ward, Jr.
Texas Bar No. 00794818

1

Email: jw@wsfirm.com
**WARD & SMITH LAW FIRM**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone (903) 757-6400
Facsimile (903) 757-2323
Facsimile: (713) 221-2021

  2.  **Apple Inc.**

Michael E. Jones
mikejones@potterminton.com
John Bufe
johnbufe@potterminton.com
Patrick Clutter
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 North College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

David Alberti
dalberti@feinday.com
Marc Belloli
mbelloli@feinday.com
Yakov Zolotorev
yzolotorev@feinday.com
Clayton Thompson
cthompson@feinday.com
Nick Bohl
nbohl@feinday.com
Jeremiah Armstrong
jarmstrong@feinday.com
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, California 94025
Telephone: (650) 618.4360
Facsimile: (650) 618.4368

**II.**  **STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and §§ 2201-02 because this action arises under the patent laws of the United States,

including 35 U.S.C. § 1 *et seq*. Personal jurisdiction is not disputed in this case. PUMA contends that venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division. The Court has denied Apple's motions to transfer venue.

### III.  NATURE OF THE ACTION

####    1.  **PUMA's Statement Regarding the Description of the Case**

This is an action for alleged patent infringement, wherein PUMA will seek to prove that Apple infringes asserted claims 1, 3, 11 and 13 of U.S. Patent No. 5,812,789 ("the '789 Patent"), asserted claims 13, 15 and 17 of U.S. Patent No. 7,321,368 ("the '368 Patent"), asserted claims 5 and 7 of U.S. Patent No. 7,542,045 ("the '045 Patent"), asserted claims 7, 8, 10 and 12 of U.S. Patent No. 7,777,753 ("the '753 Patent"), and asserted claims 1, 3 and 8 of U.S. Patent No. 5,960,464 ("the '464 Patent")(collectively, "the Asserted Patents").

####    2.  **Apple's Statement Regarding the Description of the Case**

This is a patent infringement lawsuit. Plaintiff PUMA alleges that Defendant Apple has directly infringed claims 1, 3, 11 and 13 of U.S. Patent No. 5,812,789 ("the '789 patent"), claims 1, 3 and 8 of U.S. Patent No. 5,960,464, ("the '464 patent"), claims 13, 15, and 17 of U.S. Patent No. 7,321,368 ("the '368 patent"), claims 5 and 7 of U.S. Patent No. 7,542,045 ("the '045 patent"), and claims 7, 8, 10, and 12 of U.S. Patent No. 7,777,753 ("the '753 patent") (collectively, the "Asserted Claims"). PUMA accuses only Apple products that contain A8, A8X, and A9 processors that are manufactured by TSMC. PUMA is not asserting direct infringement under the doctrine of equivalents or indirect infringement. PUMA further alleges that Apple is liable for prejudgment and post-judgment interest of any damages award, pursuant to 35 U.S.C. § 284, and attorneys' fees pursuant to 35 U.S.C. § 285.

Apple denies that it has infringed the patents-in-suit. Apple alleges that the Asserted Claims are invalid in light of prior art, both based on obviousness and anticipation. Apple further contends that the Asserted Claims are invalid because they are unpatentable under 35 U.S.C. § 101. Apple further contends that the claims '789, '368, '045, and/or '753 patents are invalid for failing to meet the written description and/or enablement requirements of 35 U.S.C. § 112. Apple further contends that unasserted claim 7 of the '368 patent and unasserted claim 4 of the '045 patent are invalid as indefinite.

Apple further contends that PUMA is barred, in whole or in part, from recovering damages by the equitable doctrines of laches. PUMA is also barred, in whole or in part, from recovering damages by the doctrine of license, a covenant not to sue, a release, and patent exhaustion. PUMA is also precluded from recovering costs under 35 U.S.C. § 288. PUMA is also precluded from recovering damages after the expiration of the patents-in-suit and all patents-in-suit will have expired by the time of trial.

Apple seeks its attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## IV. CONTENTIONS OF THE PARTIES

### 1. PUMA's Statement of Contentions

1. Apple infringes one or more claims of the Asserted Patents.

2. The Asserted Patents are presumed valid, and Apple has failed to prove invalidity by clear and convincing evidence.

3. Apple has failed to meet its burden to avoid liability for their infringement of PUMA's valid and infringed patents by virtue of its various affirmative defenses.

4. PUMA is entitled to damages adequate to compensate for Apple's infringement, in an amount no less than a reasonable royalty for the use made of the inventions by Apple.

5. This is an exceptional case entitling PUMA (but not Apple) to attorneys' fees and other appropriate relief.

## 2. Apple's Statement of Contentions

Apple incorporates by reference the contentions in its First Amended Answer to Second Amended Complaint for Patent Infringement (Dkt. 150) and further states as follows:

1. Apple denies that is has directly infringed the Asserted Claims, including claims 1, 3, 11 and 13 of the '789 patent, claims 1, 3 and 8 of the '464 patent, claims 13, 15, and 17 of the '368 patent, claims 5 and 7 of the '045 patent, and claims 7, 8, 10, and 12 of the '753 patent, or any other claim of the asserted patents by making, using, offering for sale, selling, and/or importing the accused products.

2. Apple contends that the Asserted Claims of the '789, '464, '368, '045, and/or '753 patents are invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 et seq., including Sections 101, 102, 103, and 112.

3. Apple contends that unasserted claim 7 of the '368 patent and unasserted claim 4 of the '045 patent are invalid as indefinite under 35 U.S.C. § 112.

4. Apple denies that PUMA has been damaged by any Apple conduct and denies that PUMA is entitled to any damages. In the event that damages were awarded, Apple denies that PUMA is entitled to prejudgment interest, post-judgment interest or costs as fixed by the Court.

5. Apple contends that PUMA is precluded from recovering costs under 35 U.S.C. § 288.

6. Apple contends that this case is exceptional and that Apple is entitled to reasonable attorneys' fees and costs (and consultant fees and costs) pursuant to 35 U.S.C. § 285.

7. Apple contends that PUMA's claim for damages is barred or limited by the equitable doctrine of laches.

8. Apple contends that PUMA's accusations of infringement, in whole or in part, are barred by the doctrine of license, a covenant not to sue, a release and/or patent exhaustion.

## V. STIPULATIONS AND UNCONTESTED FACTS

### 1. PUMA's Statement of Uncontested Facts

1. The '789 Patent, entitled "Video and/or Audio Decompression and/or Compression Device that Shared a Memory Interface" was issued by the United States Patent and Trademark Office on September 22, 1998.

2. The application that issued as the '789 Patent was filed on August 26, 1996.

3. PUMA is the owner and assignee of the '789 Patent.

4. The '368 Patent, entitled "Electronic System and Method for Display Using a Decoder and Arbiter to Selectively Allow Access to a Shared Memory" was issued by the United States Patent and Trademark Office on January 22, 2008.

5. The application that issued as the '368 Patent was filed on June 19, 2002. That application is a continuation of an application filed on March 30, 2000, now U.S. Patent No. 6,427,194, which is a continuation of an application filed on August 26, 1996, now U.S. Patent No. 76,058,459.

6. PUMA is the owner and assignee of the '368 Patent.

7. The '045 Patent, entitled "Electronic System and Method for Display Using a Decoder and Arbiter to Selectively Allow Access to a Shared Memory" was issued by the United States Patent and Trademark Office on June 2, 2009.

8. The application that issued as the '045 Patent was filed on December 13, 2007. That application is a continuation of an application filed on June 19, 2002, now U.S. Patent No. 7,321,368, which is a continuation of an application filed on March 30, 2000, now U.S. Patent No. 6,427,194, which is a continuation of an application filed on August 26, 1996, now U.S. Patent No. 76,058,459.

9. PUMA is the owner and assignee of the '045 Patent.

10. The '753 Patent, entitled "Electronic System and Method for Selectively Allowing Access to a Shared Memory" was issued by the United States Patent and Trademark Office on August 17, 2010.

11. The application that issued as the '753 Patent was filed on April 15, 2009. That application is a continuation of an application filed on December 13, 2007, now U.S. Patent No. 7,542,045, which is a continuation of an application filed on June 19, 2002, now U.S. Patent No. 7,321,368, which is a continuation of an application filed on March 30, 2000, now U.S. Patent No. 6,427,194, which is a continuation of an application filed on August 26, 1996, now U.S. Patent No. 76,058,459.

12. PUMA is the owner and assignee of the '753 Patent.

13. The '464 Patent, entitled "Memory Sharing Architecture for a Decoding in a Computer System" was issued by the United States Patent and Trademark Office on September 28, 1999.

14. The application that issued as the '464 Patent was filed on August 23, 1996.

15. PUMA is the owner and assignee of the '464 Patent.

**2. Apple's Statement of Uncontested Facts**

1. The '789 patent expired on August 26, 2016.

2. The '464 patent expired on August 23, 2016.

3. The '368 patent expires no later than September 11, 2016.[1]

4. The '045 patent expired on August 26, 2016.

5. The '753 patent expired on August 26, 2016.

6. U.S. Patent No. 5,870,497 ("Galbi") was filed on May 28, 1992 and issued on February 9, 1999.

7. U.S. Patent No. 5,870,497 ("Galbi") was filed before the priority date for any of the Asserted Patents.

8. U.S. Patent No. 5,546,547 ("Bowes") was filed on January 28, 1994 and issued on August 13, 1996.

9. U.S. Patent No. 5,546,547 ("Bowes") was issued before the priority date for any the Asserted Patents.

10. U.S. Patent No. 5,754,807 ("Lambrecht '807") was filed on November 20, 1995 and issued on May 19, 1998.

11. U.S. Patent No. 5,754,807 ("Lambrecht '807") was filed before the priority date for any of the Asserted Patents.

12. U.S. Patent No. 5,793,385 ("Nale") was filed on June 12, 1996 and issued on August 11, 1998.

13. U.S. Patent No. 5,793,385 ("Nale") was filed before the priority date for any of the Asserted Patents.

---

[1] Apple contends that the '368 patent expired on August 26, 2016, while PUMA contends the '368 patent expires on September 11, 2016.

14.  U.S. Patent No. 5,404,511 ("Notoriani") was filed on June 26, 1992 and issued on April 4, 1995.

15.  U.S. Patent No. 5,404,511 ("Notoriani") was filed and issued before the priority date for any of the Asserted Patents.

16.  U.S. Patent No. 5,212,742 ("Normile") was filed on May 24, 1991 and issued on May 18, 1993.

17.  U.S. Patent No. 5,212,742 ("Normile") was filed and issued before the priority date for any of the Asserted Patents.

18.  U.S. Patent No. 5,797,028 ("Gulick 028") was filed on September 11, 1995 and issued on August 18, 1998.

19.  U.S. Patent No. 5,797,028 ("Gulick 028") was filed before the priority date for any of the Asserted Patents.

20.  U.S. Patent No. 5,748,921 ("Lambrecht '921") was filed on December 11, 1995 and issued on May 5, 1998.

21.  U.S. Patent No. 5,748,921 ("Lambrecht '921") was filed before the priority date for any of the Asserted Patents.

22.  U.S. Patent No. 5,787,264 ("Christiansen") was filed on May 8, 1995 and issued on July 28, 1998.

23.  U.S. Patent No. 5,787,264 ("Christiansen") was filed before the priority date for any of the Asserted Patents.

24.  U.S. Patent No. 5,579,052 ("Artieri") was filed on May 24, 1994 and issued on November 26, 1996.

25. U.S. Patent No. 5,579,052 ("Artieri") was filed before the priority date for any of the Asserted Patents.

26. U.S. Patent No. 5,485,586 ("Brash") was filed on April 5, 1994 and issued on January 16, 1996.

27. U.S. Patent No. 5,485,586 ("Brash") was filed and issued before the priority date for any of the Asserted Patents.

### 3. Proposed Stipulations

1. Maui and Malta are the code names for the A9 processor used in certain accused Apple products, and the RTL for the A9 processor is the Maui RTL.

2. Fiji and Capri are the code names for the A8 and A8x processors used in Apple's accused products, and the RTL for the A8 and A8x processors is the Fiji RTL.

3. For purposes of the reasonably royalty analysis in assessing damages for patent infringement, the date of the hypothetical negotiation is 2011.

## VI. CONTESTED ISSUES OF FACT AND LAW

### 1. PUMA's Statement of Contested Issues of Fact and Law

1. Whether Apple infringes asserted claims 1, 3, 11 and 13 of the '789 Patent, asserted claims 13, 15 and 17 of the '368 Patent, asserted claims 5 and 7 of the '045 Patent, asserted claims 7, 8, 10 and 12 of the '753 Patent, and asserted claims 1, 3 and 8 of the '464 Patent.

2. Whether the asserted claims of the Asserted Patents are invalid.

3. Whether PUMA is entitled to damages and, if so, the amount of damages to compensate PUMA for Apple's alleged infringement.

4. Whether any of Apple's affirmative defenses bar or limit PUMA's claims for relief.

**2. Apple's Statement of Contested Issues of Fact and Law**

1. Whether the Asserted Claims of the '789, '464, '368, '045, and/or '753 patents are invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 et seq., including Sections 101, 102, 103, and 112.

2. Whether unasserted claim 7 of the '368 patent and unasserted claim 4 of the '045 patent are invalid as indefinite under 35 U.S.C. § 112.

3. The level of skill in the art for the patents-in-suit.

4. Whether Apple has directly infringed the Asserted Claims of the '789, '464, '368, '045, and/or '753 patents.

5. Whether, and to what extent, PUMA is entitled to reasonable royalty damages, prejudgment and post-judgment interest, and costs if Apple is found to have infringed a valid and enforceable claim of the '789, '464, '368, '045, and/or '753 patents.

6. Whether PUMA is precluded from recovering costs under 35 U.S.C. § 288.

7. Whether this case is exceptional such that Apple is entitled to reasonable attorneys' fees and costs (and consultant fees and costs) pursuant to 35 U.S.C. § 285.

8. Whether PUMA's claim for damages is barred or limited by the equitable doctrine of laches.

9. Whether PUMA's claims are barred, in whole or in part, by the doctrine of license, a covenant not to sue, a release and patent exhaustion.

**3. PUMA's Statement Regarding Issues to be Decided by the Court**

1. Whether this is an exceptional case that entitles either party to their attorney's fees, expenses and other appropriate relief and, if so, the amount of attorneys' fees, expenses and other relief.

11

2.  Whether PUMA is entitled to pre- and post-judgment interest and, if so, in what amount.

### 4.  Apple's Statement Regarding Issues to be Decided by the Court

1.  The scope of the agreed construction of "arbiter." The Court entered the parties' agreed construction of "arbiter" which is "circuitry that uses a priority scheme to determine which requesting device will gain access." Dkt. 162 at 7. There is now an issue under *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351 (Fed. Cir. 2008), concerning the scope of this claim term. Specifically, it is anticipated that PUMA will argue that an arbiter according to the agreed on construction can use a priority scheme to allow multiple requesting device<u>s</u> to gain access at the same time. In essence, PUMA would rewrite the agreed construction as follows "circuitry that uses a priority scheme to determine which requesting device <u>or devices</u> will gain access." In contract, Apple is applying the agreed construction, which limits the priority scheme to one that determines which requesting <u>device</u> will gain access. This issue may be mooted depending on whether Apple's motions to strike are granted. Dkt. 128 and 182.

2.  The scope of the term "the decoder having a memory interface circuit" in claim 7 of the '753 patent. This *O2 Micro* issue come from PUMA providing different theories in its expert report than in PUMA's infringement contentions as discussed at the August 9, 2016, hearing. *See*, *e.g.*, August 9, 2016 hearing transcript at 56. This issue may be mooted depending on whether Apple's motions to strike are granted. Dkt. 128 and 182.

3.  The scope of the terms "[a]/[the] decoder" in the '789 patent and the '753 patent, and "a video decoder" in the '045 patent and the '368 patent. These *O2 Micro* issues come from PUMA providing different theories in its expert report than in PUMA's infringement contentions as discussed at the August 9, 2016, hearing. *See*, *e.g.*, August 9, 2016 hearing transcript at 56.

This issue may be mooted depending on whether Apple's motions to strike are granted. Dkt. 128 and 182.

    4.    The scope of the terms "the memory" in the '789 patent, "a main memory" in the '368 patent, "a system memory" in the '045 patent, and "a memory" in the '753 patent. These *O2 Micro* issues come from PUMA providing different theories in its expert report than in PUMA's infringement contentions as discussed at the August 9, 2016, hearing. *See*, *e.g.*, August 9, 2016 hearing transcript at 56. This issue may be mooted depending on whether Apple's motions to strike are granted. Dkt. 128 and 182.

    5.    Whether this case is exceptional such that Apple is entitled to reasonable attorneys' fees and costs (and consultant fees and costs) pursuant to 35 U.S.C. § 285.

    6.    Whether the Asserted Claims are invalid because they are directed to patent ineligible subject matter under 35 U.S.C. § 101.

**VII.    LIST OF WITNESSES**

    1.    PUMA's Witness List is attached as **Exhibit A**. PUMA's Deposition Designations and Apple's Objections thereto (including any Counter-Designations, Counter-Counter Designations and Objections thereto) are attached as **Exhibit B**.

    2.    Apple's Witness List is attached as **Exhibit C**. Apple's Deposition Designations and PUMA's Objections thereto (including any Counter-Designations, Counter-Counter Designations and Objections thereto) are attached as **Exhibit D**.

**VIII.    LIST OF EXHIBITS**

    **1.**    PUMA's Trial Exhibit List is attached as **Exhibit E**. Apple's Objections to PUMA's Trial Exhibit List is attached as **Exhibit F**.

  **2.** Apple's Trial Exhibit List is attached as **Exhibit G**. PUMA's Objections to PUMA's Trial Exhibit List is attached as **Exhibit H**.

## IX. PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

Attached as **Exhibit I** is a copy of the parties' proposed preliminary jury instructions. Attached as **Exhibit J** is a copy of the parties' proposed final jury instructions. Attached as **Exhibit K** is a copy of the parties' proposed verdict form. These exhibits identify where the parties' proposals differ.

## X. LIST OF PENDING MOTIONS

| Docket Number | Motion |
|---|---|
| 99 | Apple's Objection to Entry of Protective Order |
| 115 | Apple Inc.'s Motion to Stay Pending Conclusion of Related *Inter Partes Review* Proceedings |
| 116 | Apple Inc.'s Emergency Motion for Rule on Apple's Objections to the Protective Order |
| 128 | Apple Inc.'s Motion to Strike Certain Portions of Plaintiff's Infringement Contentions |
| 170 | Apple Inc.'s Objections to the Magistrate Judge's Memorandum Opinion and Order on Claim Construction |
| 180 | Parthenon Unified Memory Architecture LLC's Motion to Strike the Galbi Declaration and the Corresponding Portions of the Expert Report of Clifford Reader |
| 181 | Apple Inc.'s Motion to Exclude the Testimony of Plaintiff's Expert Roy Weinstein Concerning Damages |
| 182 | Apple Inc.'s Motion to Strike Certain Portions of the Expert Report of Glenn Reinman |
| 183 | Parthenon Unified Memory Architecture LLC's Motion to Exclude Expert Testimony of Paul K. Meyer |
| 184 | Parthenon Unified Memory Architecture LLC's Motion to Strike Portions of the Damages Expert Report Paul K. Meyer |
| 206 | Apple Inc.'s Motion for Summary Judgment of Non-Infringement and Invalidity |
| 222 | Apple Inc.'s Objections to the Magistrate Judge's Memorandum Order on Motion to Transfer Venue |
| 219 | Defendant Apple's Motions *In Limine* |
| 220 | Joint Omnibus Agreed Motion *In Limine* |
| 221 | Plaintiff PUMA's Omnibus Motion *In Limine* |

## XI. PROBABLE LENGTH OF TRIAL

PUMA estimates that the probable length of trial will be 10 hours per side to present evidence.

Apple estimates that, if trial proceeds on all five patents, the probable length of trial will be seven days.

## XII. CERTIFICATIONS

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders;

2. The parties have complied with the discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.[2]

3. Each exhibit in the List of Exhibits herein:

   a. is in existence;

   b. is numbered; and

   c. has been disclosed and produced electronically to opposing counsel except for physical exhibits, which are available for inspection.

---

[2] This representation is subject to any matters addressed in pending motions and/or objections.

DATED: August 29, 2016

**APPROVED AS TO FORM AND SUBSTANCE:**

*/s/      Amir Alavi*
Demetrios Anaipakos, Lead Attorney
Texas Bar No. 00793258
Email: danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
Email: aalavi@azalaw.com
Scott W. Clark
Texas Bar No. 24007003
Email: sclark@azalaw.com
Jamie Aycock
Texas Bar No. 24050241
Email: jamieaycock@azalaw.com
Alisa Lipski
Texas Bar No. 24041345
Email: alipski@azalaw.com
Michael McBride
Texas Bar No. 24065700
Email:mmcbride@azalaw.com
Masood Anjom
Texas Bar No. 2405507
Email: manjom@azalaw.com
Justin Chen
Texas Bar No. 24074024
Email: jchen@azalaw.com
Kyril Talanov
Texas Bar No. 24075139
Email: ktalanov@azalaw.com
**AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.**
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713- 655-1101
Facsimile: 713-655-0062

T. John Ward, Jr.
Texas Bar No. 00794818
Email: jw@wsfirm.com
**WARD & SMITH LAW FIRM**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone (903) 757-6400

Facsimile (903) 757-2323
Facsimile: (713) 221-2021

*Attorneys for* **PARTHENON UNIFIED MEMORY ARCHITECTURE LLC**

**APPROVED AS TO FORM AND SUBSTANCE:**

*/s/ ___Michael E. Jones_____*
    Michael E. Jones
    mikejones@potterminton.com
    John Bufe
    johnbufe@potterminton.com
    Patrick Clutter
    patrickclutter@potterminton.com
    POTTER MINTON, P.C.
    110 North College, Suite 500
    Tyler, Texas 75702
    Tel: 903-597-8311
    Fax: 903-593-0846

    David Alberti
    dalberti@feinday.com
    Marc Belloli
    mbelloli@feinday.com
    Yakov Zolotorev
    yzolotorev@feinday.com
    Clayton Thompson
    cthompson@feinday.com
    Nick Bohl
    nbohl@feinday.com
    Jeremiah Armstrong
    jarmstrong@feinday.com
    FEINBERG DAY ALBERTI & THOMPSON LLP
    1600 El Camino Real, Suite 280
    Menlo Park, California 94025
    Telephone: (650) 618.4360
    Facsimile: (650) 618.4368

*Attorneys for* **APPLE, INC.**

**4852-8787-9991, v. 1**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                     /s/     Amir Alavi_____
                                                     Amir Alavi